**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leamon Lee CROFT, Defendant-**
**Appellant.**

**No. 124–70.**

United States Court of Appeals,
Tenth Circuit.

Sept. 1, 1970.

Louis A. Mankus, Cheyenne, Wyo., for appellant.

Richard V. Thomas, U. S. Atty. (Tosh Suyematsu, Asst. U. S. Atty., Cheyenne, Wyo., with him on the brief), for appellee.

Before LEWIS, Chief Judge, JOHN R. BROWN, Chief Judge,* and SETH, Circuit Judge.

LEWIS, Chief Judge.

The defendant-appellant was found guilty by a jury on each of four counts of an indictment charging violations of the Dyer Act, 18 U.S.C. § 2314. Counts one through three charged the unlawful interstate transportation of certain forged bank checks, and count four charged the unlawful interstate transportation of a check protector. Concurrent sentences were imposed on each count. The defendant now challenges the validity of

* Of the Fifth Circuit, sitting by designation.

his arrest, the evidentiary fruits of the search of both his automobile and his motel room, and his identification by witnesses at trial by claim of impermissibly suggestive photographic identification made prior to trial.

Defendant was operating his automobile eleven miles east of Pratt, Kansas on the morning of July 10, 1969 when he was stopped at a roadblock by an officer of the Kansas Highway Patrol. The officer later testified that he was conducting driver's license checks on his own volition and that defendant's car was the first he had stopped that morning. After discovering that defendant did not have a driver's license and that there was an opened bottle of liquor on the front seat,[1] the officer arrested defendant for both violations and placed him handcuffed in the patrol car. The officer then returned to defendant's automobile and searched the glove compartment, finding a key to a room at the Wilcox Motel in Syracuse, Kansas and ten suspicious looking checks. The officer did not extend his search immediately but obtained a search warrant using the checks as a basis for probable cause. A subsequent search of the vehicle uncovered no additional evidence.

The owner of the Wilcox Motel testified that defendant rented a room on July 8 for two days. Shortly after noon on July 10 the local county attorney and county sheriff came to the motel and were permitted by the owner to search the room that had been rented to defendant. This search disclosed, in addition to personal effects, a cardboard box containing a check protector. These items were retained by the motel owner in his office, but several days later an agent of the F.B.I. called at the motel and took possession of the check protector. At no time was a search warrant shown to the motel owner.

At trial, witnesses identified defendant as the man who cashed three forged checks in Cheyenne, Wyoming similar to the ones found in defendant's car. The motel key, the checks taken from defendant's car, and the check protector were admitted into evidence over objection. Expert testimony established that the check protector had been used in drawing the forged checks.

Defendant does not contend that a Kansas law officer cannot make a lawful warrantless arrest where, as here, a misdemeanor is committed in the officer's presence nor that a properly administered driver's license check is not a proper police function. See Myricks v. United States, 5 Cir., 370 F.2d 901, cert. denied, 386 U.S. 1015, 87 S.Ct. 1366, 18 L.Ed.2d 474; Lipton v. United States, 9 Cir., 348 F.2d 591. Defendant does argue, however, that the stopping of motor vehicles without probable cause for the purpose of driver's license checking is a procedure so inherently subject to abuse that such roadblocks can be constitutionally justified only when they are set up as a command decision and not at the initiation of a single patrolman. We must reject this distinction as a constitutional requirement. The evidence in the case at bar shows no past or present abuse of the practice and does show general departmental authority given to the individual patrolman to conduct discretionary driver's license checks. Defendant was not singled out for this check but was simply the first car stopped. We conclude that he was both lawfully stopped and arrested. It follows that the search of his car, although not justified as incident to his arrest, was made with probable cause under the mandate of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, 1970. Both the lack of a driver's license and the open discovery of contraband were sufficient cause to premise the limited search made at the scene of arrest.

---

[1]. Driving without a valid license is a violation of Kan.Stat.Ann. § 8–235, and transporting an opened bottle of liquor in the front part of the car is a violation of Kan.Stat.Ann. § 41–804.

██ The subsequent search of the motel room and seizure of the check protector are subject to more serious question. We hold, however, that defendant does not have standing to challenge these actions, for the basis of defendant's complaint must rest on some invasion of his right of privacy. And although it is clearly established that a guest in a hotel or motel room is entitled to protection against unreasonable searches and seizures, Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856; Lustig v. United States, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819, still the protection is dependent on the right to private occupancy of the room. When the rental period has elapsed, the guest has completely lost his right to use the room and any privacy associated with it. The manager of the motel may then freely enter the room, rent the room to others, and remove any belongings left in the room. These belongings may be retained and eventually sold by the motel to pay for back rent.[2] Since after the rental period expires a guest has no right of privacy, there can be no invasion thereof. See United States v. Cowan, 2 Cir., 396 F.2d 83.

██ The owner of the Wilcox Motel testified that defendant's rental period expired at noon on July 10, before the officers entered the motel room. It follows that there was no invasion of defendant's right of privacy.

Defendant argues that the expiration of the rental period should not control in this case because his arrest prior to check-out time prevented him from returning to the motel and perhaps extending the rental period. We are not persuaded by this argument for it was defendant's own conduct that prevented his return to the motel.

Defendant lastly contends that he was prejudiced by photographic identification procedures prior to trial which were "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247. Mrs. Clifford, a witness who identified defendant at the trial, was unable to identify a photograph of defendant from a group of three black and white photographs on July 14. She picked out two colored photographs of defendant on August 11, however, from a group of three colored photographs and one black and white. Other witnesses who identified defendant at trial were also shown this second group of photographs.

██ Considering the circumstances of this case, we hold that the photographic identification procedures were not impermissibly suggestive. That two pictures of defendant were shown at the second photographic identification was not, in itself, improper. See United States v. Baker, 2 Cir., 419 F.2d 83, cert. denied, Dinorscio v. United States, 397 U.S. 976, 90 S.Ct. 1086, 25 L.Ed.2d 265. The witnesses' in-court identification had a sound basis in personal observation since each had an opportunity to view defendant in a face to face confrontation lasting several minutes. There is no evidence that the F.B.I. agent who showed the photographs did anything to emphasize defendant's picture. The searching cross-examination by the defense counsel developed adequately the discrepancies in the description of the man who cashed the checks, the uncertainty of some witnesses in their identification, and the possible inadequacy of the photographic identification process. Finally, the inability of one witness, Mr. Nation, to make a photographic identification, although he identified defendant at the trial, suggests that the government's techniques were not overly suggestive.

Affirmed.

2. See Kan.Stat.Ann. §§ 36–201 to 36–205.