**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Chester A. PARIZO, Defendant-Appellant.**

**No. 502, Docket 73–2232.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 6, 1973.

Decided April 29, 1974.

---

room with friends after that checkout but had physically vacated the premises before the hotel manager discovered the gun.

Defendant sought to suppress use of the firearm as evidence against him on the ground that its removal by the lieutenant was in violation of the prohibition against unreasonable seizures contained in the Fourth Amendment. Admittedly the firearm was not seized incident to a lawful arrest and was not obtained pursuant to a search warrant. Defendant also sought to suppress other evidence, including defendant's statements to officers with reference to whether he possessed the firearm. An evidentiary hearing was held on defendant's motion, and three days later the trial judge denied the motion. Agreeing that in lieu of recalling witnesses the testimony adduced at the suppression hearing could be considered by the trial judge at trial, always subject, however to defendant's continuing objection to the admission of testimony and evidence which defendant had sought to suppress, defendant waived a jury and was promptly tried to the court and convicted of possessing the firearm.

As the case has developed on appeal it appears that a decisive issue may well be whether the hotel room had been abandoned by appellant when the firearm was found. No finding was made below on the point, and we adopt the suggestion contained in the Government's brief that the case be remanded so that the trial court, after allowing the parties to adduce evidence thereon if they desire to do so, may state conclusions on the issue.

Case remanded for further proceedings consistent with this opinion.

George W. F. Cook, U. S. Atty., D. Vermont, for appellee.

William H. Quinn, Burlington, Vt., for appellant.

Before WATERMAN and FEINBERG, Circuit Judges, and GURFEIN, District Judge.*

PER CURIAM:

The firearm involved in this case was taken from a bureau drawer in a hotel room which had been occupied by defendant-appellant in the town of South Burlington, Vermont. It was taken no earlier than 3 P.M. by a lieutenant of police of that town who had been told it was there by the hotel manager. Defendant was checked out of the hotel at 1:48 P.M. However, he had been in the

* Of the Southern District of New York, sitting by designation.