**UNITED STATES of America, Appellee,**

v.

**Chester A. PARIZO, Appellant.**

**No. 356, Docket 73–2232.**

United States Court of Appeals, Second Circuit.

Argued Oct. 30, 1974.

Decided March 31, 1975.

George W. F. Cook, U. S. Atty., for appellee.

William H. Quinn, Burlington, Vt., for appellant.

Before LUMBARD, WATERMAN and MANSFIELD, Circuit Judges.

WATERMAN, Circuit Judge:

Involved in this second appeal to us is the single issue of whether, upon the facts found by the trial judge, a firearm seized during a warrantless search of a motel room was properly admissible in evidence against appellant.

After a non-jury trial, on March 30, 1973, the trial judge found the appellant guilty of possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5841(b), 5861(d). The appeal to this court concerned the propriety of the trial judge's denial of a motion to suppress the use of the weapon as evidence. We stated in United States v. Parizo, 495 F.2d 1406 (1974) at 1407:

As the case has developed on appeal it appears that a decisive issue may well be whether the hotel room had been abandoned by appellant when the firearm was found. No finding was made below on the point, and we adopt the suggestion contained in the Government's brief that the case be remanded so that the trial court, after allowing the parties to adduce evidence thereon if they desire to do so, may state conclusions on the issue.

At the additional hearing we mandated, the trial judge did not limit the inquiry solely to the question of abandonment but explored the entire picture of the appellant's stay at the motel. This was entirely proper. Remmer v. United States, 350 U.S. 377, 76 S.Ct. 425, 100 L.Ed. 435 (1956). Defense counsel did not object to this broader inquiry, in-deed, he participated vigorously in the proceedings.

The facts relevant to this appeal found by the trial judge are as follows: The appellant checked into the South Burlington, Vermont, Holiday Inn in the early morning hours of April 22, 1970. As neither he nor his companion had luggage, the appellant, in keeping with motel policy, paid for one night's lodging in advance. The desk clerk informed appellant that checkout time was 2:00 P.M. The next morning while engaging the busboy for various errands, appellant stated somewhat vaguely to him that appellant intended to stay on at the motel for a few days. Later that morning, when the appellant was leaving the room, he told the chambermaid that the room did not require cleaning and that he would be staying for a few days. Neither the busboy nor the chambermaid communicated the appellant's comments to the motel management or to the front desk. The trial judge found that the appellant left the motel at that time with "no firm intention" of reoccupying the room, but with a "tentative notion to return", if convenient. That afternoon a half hour before the 2:00 checkout time noted by printed card on the inside of each motel door, the chambermaid cleaned the room in preparation for new occupancy and found marijuana and a pipe concealed in the room. Informed of the chambermaid's discovery, the manager ordered the appellant checked out of the motel and called the police. Meanwhile, the appellant, his overnight companion, and another, returned to the room with various personal items after the checkout time. A police officer ar-

rived shortly thereafter. Leaving their belongings and their automobile at the motel, the appellant and the others accompanied the officer to the police station. The motel manager then examined the vacated room and, upon finding the weapon which is the subject of this prosecution, again notified the police. A police officer came, entered the room with the manager's consent but without a search warrant, and removed the weapon and the personal items from the room.

The trial judge carefully weighed and appraised these facts and once again denied appellant's motion to suppress. He concluded in part:

> Here there was no unambiguous act of intentional abandonment on the facts presented, as in Abel v. United States, 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). However, when the defendant with his party sought to reoccupy room 300 the term of his occupancy had ended. The defendant had intentionally relinquished possession of the room and nothing was left behind except the package containing the marijuana and the pipe . . .
>
> \* \* \* \* \* \*
>
> When the rental period expired, the defendant, as a prior guest, had "completely lost his right to use the room and any privacy associated with it." United States v. Croft, 429 F.2d 884, 887 (10 Cir. 1970) (Lewis, C. J.). Since the defendant had no right to privacy, he suffered no invasion of that right by the innkeeper's search and discovery of the weapon, and subsequent delivery of the prohibited firearm to the local police. Id. See United States v. Cowan, supra, 396 F.2d at 87.

■ On the basis of the facts developed on remand, we cannot say that the findings of the trial judge were clearly erroneous, and we affirm appellant's conviction. The protection against unreasonable search and seizure extends to all constitutionally protected areas, which includes in proper instances hotel rooms. Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); Stoner v. State of California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). The basis of the protection, it is now clear, is the right of the individual to privacy rather than the proprietary interest of the individual in the premises. Warden v. Hayden, 387 U.S. 294, 304, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). The facts of the present case illustrate the close relationships of these conceptual bases: when the term of a guest's occupancy of a room expires, the guest loses his exclusive right to privacy in the room. The manager of a motel then has the right to enter the room and may consent to search of the room and the seizure of the items there found. United States v. Croft, 429 F.2d 884 (10 Cir. 1970) provides the clearest example of this point. The defendant had rented a motel room for two days. Shortly after the checkout time on the second day law enforcement officials, with the permission of the motel manager, searched the room and subsequently removed incriminating evidence. The court stated that the constitutional protection "is dependent on the right to private occupancy of the room. When the rental period has elapsed, the guest has completely lost his right to use the room and any privacy associated with it." Id. at 887. See, also, Abel v. United States, 362 U.S. 217, 241, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960);[1] United States v. Cowan, 396 F.2d 83 (2 Cir. 1968).

■ Appellant argues that, notwithstanding the expiration of the rental pe-

---

[1] The trial judge's belief that Abel v. United States, supra, is inapposite is incorrect. His reference goes, apparently, to the language of the opinion dealing with the abandonment of items left in the wastebasket of the hotel. Immediately prior to this, however, the Court discussed the validity of the search which occurred after the petitioner had, under coercion, checked out of the hotel:

> As such, however, [the search] was entirely lawful, although undertaken without a warrant. This is so for the reason that at the time of the search the petitioner had vacated the room. The hotel then had the exclusive right to its possession, and the hotel management freely gave its consent that the search be made. Id. 362 U.S. at 241, 80 S.Ct. at 698.

riod, his intent to retain possession of the room remains the decisive factor and that we ordered the trial court to turn its decision upon findings bearing upon whether he had such an intent. However, intentional abandonment is relevant in different factual situations from the situation here. Had the search occurred *during* the rental period, appellant would have standing to object to an unauthorized search of the premises, unless prior to the search he had abandoned the premises, thereby forfeiting his right to occupancy and privacy. See, Friedman v. United States, 347 F.2d 697 (8 Cir.) cert. denied, 382 U.S. 946, 86 S.Ct. 407, 15 L.Ed.2d 354 (1965); Feguer v. United States, 302 F.2d 214 (8 Cir.) cert. denied, 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110 (1962). Preliminary to the inquiry into intentional abandonment by the defendant, it must be shown that the defendant had sufficient control over the premises to establish a right to privacy therein.

Although somewhat equivocal, the facts developed at the full hearing on remand tend to support the conclusion the trial judge reached. The appellant had not communicated to the front desk or to the management any desire to stay beyond checkout time. The room was cleaned and readied for new occupancy. After discovery of the marijuana, the manager attempted to regain his exclusive possession of the room by checking out the appellant, by calling the police, and, subsequently, by searching the room. On the other hand, the appellant on his return to the room may have thought that his conversations with the employees were sufficient to extend his stay and that his term of occupancy had not expired. When he departed for the police station the appellant left his belongings in the room. However, he must have realized, or should have realized, from the events that preceded this departure, that at the time he left the room any right he might have to have access to the room was not an exclusive right. Thus, the facts as found indicate that even if the defendant had not com-

pletely vacated the room, the motel manager had the right to enter and examine the room as if it had been relinquished. Accepting these facts, the trial judge's conclusions are correct.

Affirmed.