609 P.2d 586

**The STATE of Arizona, Appellee,**

v.

**Carlos Jesse AHUMADA, aka Molina, Appellant.**

**No. 2 CA–CR 1824–2.**

Court of Appeals of Arizona, Division 2.

Feb. 8, 1980.

Rehearing Denied March 13, 1980.

Review Denied April 8, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

David W. Rees, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

This appeal challenges the trial court's denial of appellant's motion to suppress. We find the admission of one of appellant's statements taken in violation of *Miranda* was error and reverse. Because the other issues raised on appeal may arise on retrial, we will also dispose of them.

Mr. Italiano, night manager of Howard Johnson's Motel in Tucson, called police officers at 11:00 p. m. because appellant had not paid his room charge for that night. Appellant had stayed in the room the previous evening but had failed either to check out at 12:00 noon or pay in advance, as required by motel policy, for a second night. When the officers arrived, the motel security guard accompanied them to appellant's room. The officers knocked repeatedly but received no response. The security guard opened the door, the officers entered and found appellant asleep. The officers awakened appellant and informed him he would either have to pay another day's charges or leave. Appellant indicated he would pay and began searching for his wallet. At this time, the officers saw heroin paraphernalia and what later proved to be heroin lying on a table. The material was seized and the proper *Miranda* warnings were given to appellant in response to which he stated he wanted a lawyer. He was taken to the squad car and a records check was made. The officers informed appellant that there were outstanding traffic warrants and the amount of bond on those warrants. Appellant told the officers he had a large amount of money in the motel room hidden under the mattress. In addition, he told them that a brown bag containing marijuana was also under the mattress. One of the officers returned to the room and found the money and the marijuana. Later one of the officers asked appellant if he "shot heroin" to which appellant replied, "No, I snort it."

**318**

Appellant claims the seizure of the heroin was the result of an unlawful search and seizure, and the marijuana was found as a result of interrogation in violation of his exercise of the right to remain silent until he had a lawyer. We find no merit in either contention.

The United States Supreme Court has stated that a hotel room can clearly be an object of Fourth Amendment protection as much as a home or office. *Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). This Fourth Amendment protection, however, is dependent on the right to private occupancy of the room. *United States v. Akin*, 562 F.2d 459 (7th Cir. 1977), *cert. den.* 435 U.S. 933, 98 S.Ct. 1509, 55 L.Ed.2d 531 (1978). At the conclusion of the rental period, the guest no longer has the right to use the room and has lost any privacy associated with it. *United States v. Parizo*, 514 F.2d 52 (2nd Cir. 1975); *United States v. Croft*, 429 F.2d 884 (10th Cir. 1970).

Here the rental period had expired at 12:00 noon and subsequent to that time the manager or his authorized agents had the right to enter the room. The officers were legally present in the room at the specific request of the manager and the heroin was in "plain view" and no warrant was required for its seizure. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). It was properly admitted into evidence. *Stoner v. California*, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964), cited by appellant, is not on point. There the guest had the sole right to use the room at the time the search was made while here appellant had lost that right when the officers entered.

Appellant's second contention is that the trial court erred in not suppressing two statements made to the police officers after he had exercised his *Miranda* rights. The first statement, concerning the marijuana, was voluntarily made and was not in response to interrogation by the officers. When the check of the police records revealed outstanding traffic warrants the officer informed appellant of the amount of the bond required on those warrants. The appellant then volunteered the information concerning the location of the money and the marijuana. While the police must cease all questioning of a suspect once *Miranda* rights are exercised, there is no per se rule precluding the suspect from initiating further discussions with the police. While the statement concerning the marijuana might have been inadvertent, there is nothing in the record to indicate that it was not voluntarily made. The conversation dealt with matters other than those for which *Miranda* was exercised, and was not initiated by police interrogation. We therefore find no error in allowing this statement into evidence.

The second statement concerning the use of heroin is a different matter. This statement was in response to police questioning and concerned the very matter which triggered the earlier exercise of *Miranda*. The cases are clear that the *Miranda* warning must be repeated before the police can attempt later to question a suspect. *State v. Edwards*, 122 Ariz. 206, 594 P.2d 72 (1979). This was not done and therefore this statement should have been suppressed. Appellant's defense to the charge of possession of heroin was a denial that the drugs found in the motel room were his. Admitting into evidence his statement that he snorted heroin could have tipped the balance in the minds of the jury regarding the reasonableness of that defense. For this reason, we cannot say the error was harmless.

Reversed.

HOWARD and RICHMOND, JJ., concur.