UNITED STATES of America

v.

Victor Manuel GERENA, et al.

Crim. No. H–85–50 (TEC).

United States District Court,
D. Connecticut.

June 3, 1987.

Albert S. Dabrowski, Carmen E. Van Kirk, John A. Danaher, III, Stanley A. Twardy, Jr., U.S. Attys., David D. Buvinger, William J. Corcoran, Trial Attys., U.S. Dept. of Justice, Hartford, Conn., for U.S.

Juan R. Acevedo, Hartford, Conn., for Norman Ramirez Talavera.

Harold Meyerson, New York City, for Ivonne Melendez Carrion.

Diane Polan, New Haven, Conn., for Elias Castro Ramos.

James Bergenn, Shipman & Goodwin, Hartford, Conn., for Carlos Ayes-Suarez.

Richard Reeve, Asst. Federal Public Defender, New Haven, Conn., for Isaac Camacho-Negron.

Linda Backiel, Philadelphia, Pa., for Antonio Camacho Negron.

Leonard I. Weinglass, New York City, for Juan E. Segarra-Palmer.

William M. Kunstler, New York City, for Fiiberto Ojeda Rios.

Michael Avery, Avery & Friedman, Boston, Mass., for Jorge Farinacci Garcia.

Margaret P. Levy, Hartford, Conn., for Angel Diaz Ruiz.

Michael Deutsch, Chicago, Ill., for Orlando Gonzalez Claudio.

John Williams, New Haven, Conn., for Hilton Fernandez-Diamante.

Ronald L. Kuby, New York City, for Luis Colon Osorio.

Robert J. Maldonado-Rivera, Rio Piedras, P.R., pro se.

F. Mac Buckley, Buckley & Santos, Hartford, Conn., for Paul Weinburg.

Jacob Wieselman, Hartford, Conn., for Luz Berrios-Berrios.

## RULING ON DEFENDANTS' "STANDING" TO CHALLENGE THE ADMISSABILITY OF EVIDENCE SEIZED AT THE LOCATION KNOWN AS CALLE 2, B–2, EL CORTIJO, LOCATED IN BAYAMON, PUERTO RICO

CLARIE, Senior District Judge.

Defendants Ivonne Melendez Carrion, Antonio Camacho Negron, Juan Segarra Palmer, Filiberto Ojeda Rios, and Luis Colon Osorio each claim standing to challenge the legality of the January 9, 1985 search of the location known as Calle 2, B–2, El Cortijo (hereinafter "El Cortijo") located in Bayamon, Puerto Rico. Each claims to have had, at the time of the search, a legitimate expectation of privacy in the premises. The Government disputes each defendant's claim. The Court finds that the defendants Ivonne Melendez Carrion, Antonio Camacho Negron, and Juan Segarra Palmer have failed to properly allege an adequate basis for their standing claims, and that their standing with regard to the El Cortijo residence must therefore be denied. With regard to defendants Filiberto Ojeda Rios and Luis Colon Osorio, however, the Court finds that they have advanced colorable standing claims entitling them to a hearing on the merits.

*Discussion*

The El Cortijo premises is a multi-room dwelling that, at some point prior to its search, served as the residence of defendants Filiberto Ojeda Rios and Luis Colon Osorio. Defendant Ojeda, using the false name Julio Lopez Pagan, allegedly rented the residence from its owner, Ruth Nieves. Defendants Ojeda and Colon Osorio moved into the dwelling sometime in July of 1984. Defendant Colon Osorio moved in with his wife and children. Government agents searched the premises on January 9, 1985, pursuant to warrant.

A. Defendants Ivonne Melendez Carrion, Antonio Camacho Negron, and Juan Segarra Palmer

■■■ The defendants Ivonne Melendez Carrion, Antonio Camacho Negron, and Juan Segarra Palmer claim standing on the basis that the Government alleges 1) that they were members of the organization known as "Los Macheteros"; 2) that the location was a secret location controlled by defendants Ojeda and Colon Osorio who were also members of the organization; and 3) that each member, including defendants Ojeda and Colon Osorio conducted his or her activities in secret, and protected his or her dwelling in a manner designed to preserve the privacy of the organization and each individual member. *Affidavit Regarding Standing of Defendant Ivonne Melendez-Carrion,* filed February 17, 1987, pp. 2–4; *Affidavit in Support of Motions to Suppress,* filed [on behalf of defendant Antonio Camacho Negron] February 17, 1987, pp. 2–6; *Affidavit Regarding Standing of Defendant Juan Enrique Segarra Palmer,* filed February 17, 1987, pp. 3–5. The Court finds that the assertions of these three named defendants, even if accurate, fail to properly allege a sufficient basis on which the Court could proceed to find that the defendants possess standing entitling them to challenge the search of the El Cortijo residence. These defendants, Ivonne Melendez Carrion, Antonio Camacho Negron, and Juan Segarra Palmer, have each failed to allege the existence of significant, personal interests in this location. *United States v. Garcia,* 741 F.2d 363, 366 (11th Cir.1984). *See United States v. Vicknair,* 610 F.2d 372, 379 (5th Cir.1980), *cert. denied,* 449 U.S. 823, 101 S.Ct. 83, 66 L.Ed.2d 25 (1980) (each defendant must demonstrate an individual, personal expectation of privacy in the location and may not rely on the expectation of the group). Defendants do not allege that they resided at the El Cortijo dwelling; that they owned it, or held any proprietary interest in it; that they visited it on a regular basis; that they each had a key to the premises; that they had the right to exclude others from entering the residence; that they used it as an office; or that they kept any personal belongings there. The defendants do allege that they expected that the El Cortijo residence would remain undiscovered by law enforcement officials. This expectation, however, is, by itself, an insufficient basis for standing. *Rakas v. Illinois,* 439 U.S. 128, 143 n. 12, 99 S.Ct. 421, 430–31 n. 12, 58 L.Ed.2d 387 (1978); *United States v. McHugh,* 769 F.2d 860, 864 (1st Cir.1985).

The Court finds that, rather than establish an adequate factual foundation to support their own standing assertion, these defendants seek to establish standing through their association with defendants Ojeda and Colon Osorio, who in fact have alleged colorable standing claims in their own right. Defendants, however, are not permitted to vicariously assert the Fourth Amendment rights of others. *United States v. Salvucci,* 448 U.S. 83, 86, 100 S.Ct. 2547, 2550, 65 L.Ed.2d 619 (1980). There being no independent basis for their claims, the defendants' standing with regard to the El Cortijo residence must be denied. *See Rawlings v. Kentucky,* 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980) (defendants bear the burden of establishing standing); *Jones v. United States,* 362 U.S. 257, 261, 80 S.Ct. 725, 731, 4 L.Ed.2d 697 (1960) (defendants must properly allege standing); *Preliminary Ruling on Defendants' "Standing",* January 30, 1987 (requiring defendants to particularize their standing claims).

B. Defendants Filiberto Ojeda Rios and Luis Colon Osorio

Defendant Ojeda claims standing with regard to this location on the basis 1) that

he resided there beginning in July of 1984; 2) that he had a key to the premises; 3) that he had the right to exclude others from entering the premises; and 4) that he kept clothing and personal effects there. *Affidavit Regarding Filiberto Ojeda's "Standing" to Suppress Evidence Obtained from Various Searches,* filed February 17, 1987, pp. 2–3. Defendant Osorio likewise claims standing with regard to these premises alleging 1) that he resided there with his family beginning in July of 1984; 2) that he kept personal belongings there; and 3) that he possessed a key to the premises and had the right to exclude others from it. *Affirmation Regarding Standing to Suppress Evidence Obtained from Various Premises,* filed February 17, 1987, pp. 2–3. Both defendants claim a proprietary interest in the location on the basis that they leased the premises, and that their interest in the property continued through the date of the search. The Government claims that the defendants abandoned the location sometime prior to its search.

### 1. Abandonment

■ To establish standing to contest the legality of a search or seizure on Fourth Amendment grounds, a defendant must demonstrate that he had a reasonable expectation of privacy in the area searched or item seized. The Supreme Court has developed a two-part standing test useful to determine whether a particular defendant's personal expectations are indeed reasonable within the meaning of the Fourth Amendment. Under this test, a defendant must demonstrate 1) that he or she sought to preserve the location or item as private and 2) that his or her expectation is one that society is prepared to accept as reasonable. *Smith v. Maryland,* 442 U.S. at 740, 99 S.Ct. at 2580.

As the defendants readily concede, they can have no reasonable expectation of privacy in an abandoned place or item. *Defendants Memorandum of Law on the Right to a Hearing as to Whether the "El Cortijo" Premises were Abandoned,* filed January 27, 1987, p. 3. The defendants claim, however, that the Government bears the burden of proving abandonment. The defendants propose that "[b]asically the Government has the burden of proving beyond a reasonable doubt the defendants intentionally abandoned their dwelling home." *Transcript of Proceedings of January 29, 1987,* pp. 62–63 (remarks of Attorney Kuby). The defendants also propose a conflicting standard, stating that "[t]he Government must prove [abandonment] by a preponderance of the evidence." *Defendants' Memorandum of Law on the Right to a Hearing,* p. 3. Neither proposition is, however, correct when applied to the facts of the present controversy.

The defendants cite a number of cases in support of their contention that the Government bears the burden of proving abandonment. None, however, are on point. The Court at present deals with the issue of how the question of abandonment impacts on the defendants' standing allegations. The cases cited by the defendants discuss the effect of abandonment in the context of a warrantless search. In such cases it is perhaps true that, where standing is conceded, if the Government seeks to justify the warrantless search on grounds of abandonment, then it must prove abandonment by a preponderance of the evidence. *United States v. Levasseur,* 620 F.Supp. 624, 628–29 (E.D.N.Y.1985); *United States v. Wyler,* 502 F.Supp. 959, 965–66 (S.D.N.Y.1980). Nevertheless, the Government searched the El Cortijo residence pursuant to a warrant. Thus the issue of whether it was reasonable for the Government to have entered the allegedly abandoned premises without a warrant does not arise. Furthermore, the Government has not conceded standing at the El Cortijo location.

■ Defendants bear the burden of establishing the existence of a reasonable expectation of privacy in the area searched as a prerequisite to their seeking to exclude evidence on Fourth Amendment grounds. *Rawlings v. Kentucky,* 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois,* 439 U.S. 128, 131 n. 1, 99 S.Ct. 421, 424 n. 1, 58 L.Ed.2d 387 (1978), *Simmons v. United States,* 390

U.S. 377, 389, 88 S.Ct. 967, 974, 19 L.Ed.2d 1247 (1968); *Jones v. United States*, 362 U.S. 257, 261, 80 S.Ct. 725, 731, 4 L.Ed.2d 697 (1960). *See United States v. Ramapuram*, 632 F.2d 1149, 1154 (4th Cir.1980), *cert. denied*, 450 U.S. 1030, 101 S.Ct. 1739, 68 L.Ed.2d 225 (1981) ("it devolves upon one seeking a suppression of incriminating evidence to establish as a threshold matter the existence of a reasonable expectation of privacy"). This includes the obligation of demonstrating, where the Government reasonably contests their claim, that their expectation of privacy existed contemporaneously with the particular search or seizure at issue. *United States v. Coleman*, 450 F.Supp. 433, 436 (E.D.Mich.1978) ("consistent with the principle declared in *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), the focus of inquiry is on the question of whether at the time of the search and/or seizure the defendant had a reasonable expectation of privacy in the area searched ..."). *See United States v. Vicknair*, 610 F.2d at 380 ("[w]hat is a reasonable expectation of privacy is by definition related to time, place and circumstance").[1] This is necessarily so given that only a defendant whose privacy rights have been invaded by a search or seizure is entitled to seek the protection of the exclusionary rule. *Rakas v. Illinois*, 439 U.S. at 134, 99 S.Ct. at 425–26. No such right can ever be invaded where it has been abandoned: an abandoned expectation is never "reasonable." *Abel v. United States*, 362 U.S. 217, 241, 80 S.Ct. 683, 698, 4 L.Ed.2d 668 (1960). *See United States v. Arboleda*, 633 F.2d 985, 991 (2d Cir.1980), *cert. denied*, 450 U.S. 917, 101 S.Ct. 1362, 67 L.Ed.2d 343 (1981) (defendant who tossed contraband out the window and into the public domain found to have lost his expectation of privacy thereby). *See also United States v. Garcia*, 741 F.2d at 366 (defendant had the burden of establishing the existence of a "significant and current interest in the searched premises" and was denied standing on the basis that his ties to the location were not "regular or personal enough").[2]

---

**1.** Defendants cite, among other things, *United States v. Parizo*, 514 F.2d 52, 55 (2d Cir.1975), to support their argument that the Government bears the burden of proving abandonment as an issue ancilary to questions of standing. *Parizo*, however, also involved a warrantless search, and, in any event, was decided long before the Supreme Court's more recent standing rulings announced in *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); and *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Furthermore, the cases cited by the defendants, including *Parizo*, do not critically analyze the impact of abandonment on questions of standing. Abandonment, however, clearly has great bearing on standing issues: a defendant lacks standing with regard to an object he or she has abandoned. *United States v. Torres*, 740 F.2d 122, 127 (2d Cir.1984), *cert. denied*, 471 U.S. 1055, 105 S.Ct. 2117, 85 L.Ed.2d 482 (1985). The *Torres* decision does not follow *Parizo*. *Torres* instead relies on *Rawlings* and *Salvucci*. The Court finds that the defendants' reliance on *Parizo* is misplaced.

**2.** *See United States v. Shelby*, 431 F.Supp. 398, 401–402 (E.D.Wisc.1977), *affd. in part*, 573 F.2d 971 (7th Cir.1978), *cert. denied*, 439 U.S. 841, 99 S.Ct. 132, 58 L.Ed.2d 139 (1978). In *Shelby*, the District Court stated that "abandonment is predominantly an issue bearing upon standing to challenge a search." *Id.* at 401–402. The court went on to find that the defendant had abandoned certain incriminating evidence by placing it in his trash can outside his home with the intent that the trash collector would dispose of it. The court concluded that, in taking this action, the defendant abandoned his interest in the evidence and therefore lacked standing to challenge the search of the trash can.

The Court of Appeals for the Seventh Circuit affirmed the District Court's finding of abandonment, but added "[w]e do not view the issue in this case as one of standing to object to the warrantless search since the search was of his trash and was initiated on his premises." *United States v. Shelby*, 573 F.2d 971, 973 (7th Cir. 1978), *cert. denied*, 439 U.S. 841, 99 S.Ct. 132, 58 L.Ed.2d 139 (1978). The court stated "[a]s we see the issue, it is whether or not the search of the trash constituted a violation of the defendant's reasonable expectation of privacy." *Id.* at 973 (citing *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)).

The Court agrees with the District Court in *Shelby* that abandonment is predominantly a standing issue. While it is true that the ultimate question regarding the reasonableness of a warrantless search is whether, under the circumstances, the Government's conduct violated the defendant's reasonable expectation of privacy in the area searched, *New Jersey v. T.L.O.*, 469 U.S. 325, 337, 105 S.Ct. 733, 741, 83 L.Ed.2d 720 (1985); *O'Connor v. Ortega*, — U.S. —, 107 S.Ct. 1492, 1499, 94 L.Ed.2d 714 (1987) (opinion

Thus, abandonment is properly a standing issue, and, as such, it falls squarely on each defendant to establish that his or her interest in the location existed contemporaneously with the search in question.

### 2. The Reasonableness of the Government's Objection

Where the Government reasonably objects to the validity of a defendant's assertion of standing, the burden falls on the defendant to prove a sufficient basis for his or her claim. The Court finds that the Government's objections to the defendants' facially valid claims are reasonable. The Government contends that defendant Filiberto Ojeda Rios rented the premises from its owner, Ruth Nieves. Defendant Ojeda apparently used the false name of Julio Lopez Pagan. The defendants allegedly moved into the premises in the beginning of July, 1984. They paid rent in advance through October 31, 1984. The defendants concede that they did not pay any rent after this date. *See Transcript of Proceedings of January 29, 1987*, p. 66 (remarks of Attorney Kuby).

The Government contends that the defendants abandoned the location sometime in August, 1984, well before its search on January 9, 1985. The Government sup-

ports this claim by asserting 1) that the defendants stopped paying rent; 2) that the electronic surveillance conducted at the residence was disconnected in late September following a period of apparent inactivity; 3) that surveillance agents keeping watch over the location noticed that neither defendant continued to visit the premises; 4) that the defendants typically abandoned vehicles and other items that were of no use to them any longer; 5) that defendant Colon Osorio was given $5,000.00 to find a new residence; and 6) that the owner of the premises, Ms. Nieves, instructed the F.B.I. that the premises had been abandoned. *See Government's Response to Defendants' Joint Motion to Suppress all Evidentiary Items Seized from Calle 2*, Filed January 5, 1987, pp. 4–5; *Transcript of Proceedings of January 29, 1987*, pp. 85–95 (remarks of Attorney Dabrowski).

■■■ The Government's allegations are supported in the record. The Court concludes that the defendants now bear the burden of establishing that they in fact held expectations of privacy in the El Cortijo location that were contemporaneous with its search. Because the defendants have alleged colorable standing claims,[3] they are entitled to a hearing to meet this burden.[4]

---

of O'Connor, J.), a defendant can have no reasonable expectation of privacy in the area (or item) in the first place if it is one he or she has abandoned. *United States v. Torres*, 740 F.2d at 127 (defendant who dropped the bag he was carrying when approached by the police found to have no standing to challenge its search by virtue of his abandonment of it). *See United States v. Jones*, 707 F.2d 1169, 1172 (10th Cir. 1983), *cert. denied*, 464 U.S. 859, 104 S.Ct. 184, 78 L.Ed.2d 163 (1983) ("[w]hen individuals voluntarily abandon property, they forfeit any expectation of privacy in it they may have had"); *United States v. Compton*, 704 F.2d 739, 741 (5th Cir.1983) (defendant found to lack "standing to contest the seizure of the drugs from the trash, having abandoned the bag"); *United States v. Burnette*, 698 F.2d 1038, 1047 (9th Cir.1983), *cert. denied*, 461 U.S. 936, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983) ("[o]ne who has voluntarily abandoned property has no right to complain of its search of seizure"); *United States v. Taylor*, 515 F.Supp. 1321, 1326 (D. Maine 1981) ("one has no standing to challenge a search or seizure of property he has voluntarily abandoned"). The Court follows the decision in *Torres*, and concludes that abandonment is, in fact, a stand-

ing issue. The Court expresses no opinion, however, on the question of whether one abandons an object by placing it in one's own outdoor trash container.

**3.** Defendant Ojeda's and defendant Colon Osorio's submissions are facially sufficient to create the impression with the Court of the objective reasonableness of their professed privacy expectations. They have alleged many of the indicia of reasonableness that Courts have traditionally considered as indicative of the existence of a legitimate expectation of privacy cognizable under the Fourth Amendment. The Court therefore finds that the defendants have made out colorable standing claims sufficient to advance them to a hearing at which time they will have the opportunity to meet the Government's objections and prove the merits of their claims.

**4.** The defendants have requested a hearing on the issue of abandonment. *See Defendants' Memorandum of Law on the Right To a Hearing*, filed January 27, 1987, p. 3. They have repeated this request orally. *Transcript of Proceedings of May 14, 1987*, pp. 7–9 (remarks of Attorney Kuby).

*Conclusion*

Based on the foregoing, the Court finds that the defendants Ojeda and Colon Osorio are entitled to a hearing on the issue of abandonment. The Court also finds that they bear the burden of establishing that their interests in the location were contemporaneous with the January 9 search of the dwelling. The standing claims of defendants Ivonne Melendez Carrion, Antonio Camacho Negron, and Juan Segarra Palmer are denied.

SO ORDERED.