STATE of Wisconsin, Plaintiff-Respondent,

v.

Rodney H. RHODES, Defendant-Appellant.

Court of Appeals

*No. 88–1346–CR. Submitted on briefs January 6, 1989.—Decided March 23, 1989.*

(Also reported in 439 N.W.2d 630.)

For the defendant-appellant the cause was submitted on the briefs of *James J. Ewers* and *Ewers Law Offices,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J.   Rodney Rhodes appeals from a judgment convicting him of possession of cocaine in violation of sec. 161.41(3m), Stats.[1] The trial court denied his motion seeking to suppress evidence police found in a warrantless search of a hotel room he occupied. Because Rhodes had no legitimate expectation of privacy in the hotel room, he lacked standing to challenge the search. We therefore affirm.

Rhodes was sleeping in a hotel room when police, at the request of the hotel manager, entered the room. The room was not registered to Rhodes, and it was three hours past checkout time. The manager was concerned because no one had responded to her repeated pounding on the door and yelling into the room. After she called the police and had a maintenance person cut the chain on the door, she asked the police to enter the room. They did so, and observed cocaine and

---

[1]Section 161.41(3m), Stats., makes any unauthorized possession of cocaine unlawful.

drug paraphernalia. Rhodes identified himself after being awakened, and was immediately arrested on an outstanding warrant. He was charged with possession of a controlled substance with intent to deliver.

Rhodes moved to suppress the seized evidence, asserting that the police had no search warrant and that no exigent circumstances justified the warrantless entry. The trial court denied his motion. After a trial, a jury found him guilty of possession of a controlled substance.

A defendant must establish standing to challenge a search, that is, he must prove his legitimate expectation of privacy in the area searched. *State v. Curbello-Rodriguez,* 119 Wis. 2d 414, 423, 351 N.W.2d 758, 763 (Ct. App. 1984).[2] The trial court made no findings regarding Rhodes' expectation of privacy. However, where the facts relevant to the standing issue are not in dispute, we may examine the totality of the circumstances to determine whether he had a legitimate expectation of privacy. *State v. Cleveland,* 118 Wis. 2d 615, 633, 348 N.W.2d 512, 522 (1984). We review the legal conclusion of whether Rhodes proved standing de

_____

[2]Rhodes claims that the state did not raise the issue of standing at the trial court level, and has therefore waived that issue on appeal. However, the transcript of the suppression motion hearing reveals that Rhodes' counsel raised this issue:

> We're talking about unlawful entry. We're not talking about unlawful seizure of property. If, in fact, there was unlawful entry in the first place, it's going to taint any seizure. That's what the issue is. I'm not saying here anything about grabbing his cocaine. *The issue is whether or not he had a right to that room when we're talking about standing,* not what was seized from it.

Because the issue was presented to the trial court, Rhodes' argument fails.

novo. *Curbello-Rodriguez,* 119 Wis. 2d at 424, 351 N.W.2d at 763.

■

Relevant considerations in determining a legitimate expectation of privacy are whether one had a property interest in the premises, whether one was legitimately on the premises, whether one had complete dominion and control and the right to exclude others, whether one took precautions those seeking privacy customarily take, whether one put the property to some private use, and whether the privacy claim is consistent with historical notions of privacy. *Curbello-Rodriguez,* 119 Wis. 2d at 424, 351 N.W.2d at 763. An individual must show he or she had a subjective expectation of privacy which society is prepared to recognize as reasonable. *Smith v. Maryland,* 442 U.S. 735, 740 (1979).

> [W]hen the term of a guest's occupancy of a room expires, the guest loses his exclusive right to privacy in the room. The manager of a motel then has the right to enter the room and may consent to [a] search of the room and the seizure of items there found.

*United States v. Parizo,* 514 F.2d 52, 54 (2d Cir. 1975). *See also* 1 W. LaFave, *Search and Seizure* sec. 2.3(a), at 382–83 (2d ed. 1987).[3]

---

[3]Rhodes relies on *United States v. Owens,* 782 F.2d 146, 150 (10th Cir. 1986), for the proposition that one's reasonable expectation of privacy will continue at least for a short period past checkout time. However, *Owens* is distinguishable. In that case, the room was registered to Owens, *id.* at 147, he had deposited enough money to stay at the hotel for four nights, *id.* at 148, that even though the police searched the hotel room after noon on the day Owens had not paid for, his deposit account was only $4.30 short of the $28.45 daily

The hotel room where the cocaine was found was not registered to Rhodes. No one had paid for another day. Any right Rhodes had to occupy the room had expired three hours before the manager and the police entered. We conclude that his asserted exclusive right to privacy in the hotel room is not one that society is prepared to recognize as reasonable. Because he had no standing to challenge the police's entry into the hotel room, we need not address the trial court's reasons for denying his suppression motion. *See State v. Holt,* 128 Wis. 2d 110, 125, 382 N.W.2d 679, 687 (Ct. App. 1985) (we may sustain lower court's holding on theory or reasoning not presented to lower court).

*By the Court.*—Judgment affirmed.

rate he needed to pay for another night. *Id.* These facts support the *Owens* court's conclusion that Owens' expectation of privacy was one that society was prepared to recognize as reasonable. These facts also sufficiently distinguish *Owens* from the present case.