The **PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Robert Lee MONTOYA, Defendant–**
**Appellant.**

**No. 94CA1265.**

Colorado Court of Appeals,
Div. III.

Sept. 14, 1995.

Rehearing Denied Oct. 26, 1995.

Certiorari Denied April 15, 1996.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Laurie A. Booras, Assistant Attorney General, Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Robert Lee Montoya, appeals the judgment of conviction entered following a trial to the court in which he was found guilty of one count of possession of a controlled substance and one count of possession of drug paraphernalia. Defendant contends the trial court erred in denying his pre-trial motion to suppress evidence obtained as the result of an allegedly illegal search. We affirm.

The evidence presented at the suppression hearing revealed the following undisputed facts. A motel employee assigned to clean vacant rooms found defendant asleep inside a room that should have been vacated some time earlier at the posted check-out time. After unsuccessfully trying to awaken him, the employee reported his presence to the motel manager. The manager, also unable to awaken defendant, called the police to report a sleeping or unconscious person in a motel room.

The responding police officer was admitted to the room occupied by defendant, where he first tried to awaken him by shouting, then by vigorously shaking defendant's knee.

After being aroused to a groggy state, defendant was told that he would have to pay additional rental if he wanted to remain in the room. Defendant obtained a handful of cash from an open bag near the bed and tried to hand it to the officer. At about that time, the officer noticed drug paraphernalia and a white powder resembling cocaine in plain view on a table beside the bed. In the course of arresting defendant for possession of those contraband items, the officer observed more cocaine and additional cash in the open bag from which defendant had previously obtained the cash tendered to the officer.

Defendant contends that the trial court erred in concluding that, because he remained in the motel room beyond the check-out time without permission, he had no reasonable expectation of privacy and therefore lacked standing to challenge the entry made by the motel manager and the police officer. We are not persuaded.

■ In order for a defendant to have standing to challenge the constitutionality of a governmental search, he or she must demonstrate a legitimate expectation of privacy in the areas searched or the items seized. Defendant bears the burden to establish standing, and the issue must be resolved in view of the totality of the circumstances. *People v. Fox*, 862 P.2d 1000 (Colo.App.1993).

■ The renter of a hotel or motel room has a legitimate expectation of privacy for the room and its contents during the period of the rental. *Stoner v. California*, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). The question whether that expectation of privacy remains reasonable after termination of the rental period is one of first impression in Colorado.

Other courts facing the issue have concluded that, unless the hotel or motel management has tolerated late payment or overtime stays by the renter in the past, the renter has no reasonable expectation of privacy extending beyond the established check-out time. *See United States v. Owens*, 782 F.2d 146 (10th Cir.1986) (right of privacy survived expiration of rental period in part because management had allowed guest to stay past check-out time); *United States v. Croft*, 429 F.2d 884 (10th Cir.1970) (a guest has no right of privacy after check-out time on the day the rental period expires); *State v. Ahumada*, 125 Ariz. 316, 609 P.2d 586 (App.1980); *see also* 3 W. LaFave, *Search & Seizure* § 8.5(a) (2d ed. 1987).

■ The trial court found that room entry was pursuant to the motel's established and posted policy pertaining to check-out time at

the end of the rental period. The court further found that, although the motel did occasionally grant overtime stays on a case-by-case basis, there was no established policy of allowing any grace period giving defendant a reasonable expectation that he would be allowed to remain beyond the check-out time. Additionally, the rental period had expired because no one had requested permission for an overtime stay and none had been authorized.

On the basis of these findings, we affirm the trial court's ruling that defendant lacked standing to challenge entry to the motel room. Accordingly, we need not address the trial court's alternative holding that the search was justified under the medical emergency exception to the warrant requirement.

Judgment affirmed.

NEY and BRIGGS, JJ., concur.