# IN THE COURT OF APPEALS OF IOWA

No. 21-0358
Filed March 30, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRAVIS JORDAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Patrice Eichman, District Associate Judge.

Travis Jordan appeals the district court's denial of his motion to suppress. **AFFIRMED**.

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., Ahlers, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**AHLERS, Judge.**

A housekeeper at a Waterloo hotel entered a room to clean it after checkout time. She discovered a man—later determined to be Travis Jordan—lying on the bed with his head toward the footboard. Jordan was not the person who had rented the room, and he was the only occupant at the time. Jordan was asleep or otherwise unconscious and did not respond to the knocks on the door or the housekeeper's announcements of her presence. A full-length wall mirror in the room was shattered and lying on the floor. The housekeeper alerted the hotel manager's wife[1] about the holdover occupant, the occupant's unresponsiveness, and the broken mirror. After the wife was unsuccessful in getting a response from Jordan by knocking and announcing her presence, she called the police.

Two police officers arrived and followed the manager's wife to the room. Again, knocking and announcing their presence did not rouse Jordan, so the wife used the master key to open the door and let the officers into the room. The officers' gruff commands telling Jordan to get up coupled with firmly shaking him resulted in Jordan regaining consciousness and sitting up on the bed. As he got up, a pipe lying next to him came into view and a plastic bag containing methamphetamine fell out of his pocket onto the bed.

Jordan was charged with possession of methamphetamine. He sought to suppress the evidence found in the hotel room, asserting his rights to be free from unreasonable searches and seizures as secured by the United States and Iowa

---

[1] The manager's wife was covering her husband's manager duties while the husband ran errands. Jordan raises an issue over the wife's authority to act on behalf of the motel. We find it unnecessary to address this issue, as the authority of the manager's wife is immaterial to the outcome we reach.

Constitutions were violated by the officers' warrantless entry into the hotel room. He did not challenge the discovery of the pipe and pack of methamphetamine once the officers entered the room—his challenge was to the entry into the room.[2] The district court denied Jordan's motion. Jordan waived his right to a jury trial and consented to a trial on the minutes of evidence. The district court found him guilty and sentenced him. Jordan appeals. He challenges the denial of his suppression motion.

Our review of evidence-suppression determinations in violation of constitutional guarantees is de novo. *State v. Tyler*, 867 N.W.2d 136, 152 (Iowa 2015). "[W]e make an independent evaluation of the totality of the circumstances as shown by the entire record, considering both the evidence introduced at the suppression hearing as well as the evidence introduced at trial." *Id.* (alteration in original) (citations omitted). We are not bound by the district court's findings of fact, but because of the court's ability to assess witness credibility, we give deference to those findings. *Id.* at 153.

Jordan contends the police entered the hotel room in violation of the Fourth and Fourteenth Amendments of the United States Constitution and article I, section

---

[2] It is unclear from Jordan's brief on appeal whether he challenges the actions of the officers once they entered the room. To the extent he makes such challenges, we find Jordan failed to preserve error on them. During the hearing on his motion to suppress evidence, Jordan's attorney argued: "Our issue is they entered the room unlawfully. Had they not entered then they wouldn't have found the items that they claim to be in plain view. So they opened the door, they enter and that's our argument of what the illegal entry is." Given this argument, we find any effort to expand the issues on appeal to not be preserved for our review, as any expanded issues were not raised at the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

8 of the Iowa Constitution. The Fourth Amendment protects people from unreasonable searches and seizures. *State v. Brown*, 930 N.W.2d 840, 845 (Iowa 2019). "We generally 'interpret the scope and purpose of the Iowa Constitution's search and seizure provisions to track with federal interpretations of the Fourth Amendment' because of their nearly identical language." *Id.* at 847 (quoting *State v. Christopher*, 757 N.W.2d 247, 249 (Iowa 2008)).

Before assessing whether the officers conducted an unreasonable search, we first determine whether Jordan had a legitimate expectation of privacy in the hotel room. *See Tyler*, 867 N.W.2d at 168. "To establish a legitimate expectation of privacy in the area searched, 'a defendant challenging a search must show (1) a subjective expectation of privacy and (2) this expectation of privacy was reasonable.'" *Id.* (quoting *State v. Ortiz*, 618 N.W.2d 556, 559 (Iowa 2000)). Expectations of privacy are determined on a case-by-case basis and considering the unique facts and circumstances of each situation in light of property laws and society's generally recognized privacy expectations. *Id.*

We assume without deciding that Jordan had a subjective expectation of privacy and focus on whether such expectation was reasonable. It is well-established that a person has a reasonable expectation of privacy in the home. *Id.* Case law has expanded this protection to hotel or motel rooms. *Id.* (citing *State v. Brooks*, 760 N.W.2d 197, 205 (Iowa 2009)). However, the expectation of privacy in a hotel room is not absolute. "The mere fact that a premise[s] may be characterized as a residence or a [hotel or] motel room does not, by itself, establish that a particular person has a reasonable expectation of privacy in the premises."

*Id.* at 168–69 (first alteration in original) (quoting *Brooks*, 760 N.W.2d at 205). To have a reasonable expectation of privacy in a hotel room,

> a defendant must establish that he or she was using a hotel or motel room as a residence, or for some other purpose for which he or she had a legitimate expectation of privacy. "A bald assertion that one has been staying in a hotel, without further proof, is generally insufficient; as is the defendant's mere presence in the motel room at the time of the search."

*Id.* (quoting *Brooks*, 760 N.W.2d at 205). Facts to consider include whether the guest checked into and paid for the room, whether the rental period has expired, and the presence of the defendant's belongings in the room. *Id.*

There is no persuasive evidence that Jordan was using the hotel room as a residence. The room was not rented to or paid for by Jordan, and he did not know where the renter was when asked. Further, regardless of Jordan's purpose for being in the room or his relationship to the room's renter, Jordan and the renter lost any right to be in the room due to expiration of the rental period. *See id.* ("A guest in a motel has no reasonable expectation of privacy in a room after the rental period has expired." (quoting *United States v. Huffhines*, 967 F.2d 314, 318 (9th Cir. 1992))); *id.* ("[W]hen the term of a guest's occupancy of a room expires, the guest loses his exclusive right to privacy in the room." (alteration in original) (quoting *United States v. Parizo*, 514 F.2d 52, 54 (2d Cir. 1975))). We recognize that Jordan had a few belongings in the room, including a small bag and his bicycle, and this fact weighs in favor of a finding of a reasonable expectation of privacy. However, in this case, the presence of these few belongings in the room does not

override the fact that Jordan had not rented the room, did not know where the renter was, and was still in the room after the rental period expired.[3]

Jordan's final argument is his claim that the hotel had a policy of permitting guests to stay past the checkout time without calling for police assistance, so he continued to have a reasonable expectation of privacy in the room. We find this argument unpersuasive for several reasons. First, there is nothing in the record establishing such a policy. The fact there was some evidence that the hotel has allowed an unspecified number of guests a grace period when they asked for it does not establish a policy. Further, one of the officers testified that officers had been called to the hotel numerous times to assist in removing guests who stayed past checkout time, suggesting that enforcing the checkout time was not an uncommon practice for hotel staff and could be expected to occur. Second, there is no evidence in the record that Jordan was aware of any policy of granting grace periods at the time he was found in the room after checkout time, so he could not have had any expectation of a grace period, let alone a reasonable one. Third, even if there was such a policy, Jordan was not the renter of the room, so the hotel had no obligation to grant him a grace period. Finally, even if the hotel had been inclined to grant a grace period to a random holdover non-renter such as Jordan, Jordan's conduct prevented a discussion about the topic. Both the housekeeper

---

[3] The police were summoned at 11:03 a.m. and arrived at the motel at 11:11 a.m., just eleven minutes after the check-out time. Jordan contends because it was so soon after the check-out time, he still had a reasonable expectation of privacy. However, our case law does not establish a grace period after expiration of a rental period during which an individual may still enjoy a right to privacy. We decline to establish such a grace period here. Any expectation of privacy Jordan may have had expired at the time the rental period expired.

and the acting manager tried to rouse Jordan. Had they been successful, then perhaps a conversation could have been had about granting a grace period. But, when Jordan did not respond to efforts to rouse him and it was discovered there was damage to the room, the hotel was under no obligation to extend the checkout time.

As Jordan had no reasonable expectation of privacy in the hotel room at the time the officers entered, there was no search within the context of the Fourth Amendment. *See State v. Lowe*, 812 N.W.2d 554, 568 (Iowa 2012) ("[A] search only occurs if there is a violation of an expectation of privacy 'that society considers reasonable.'" (quoting *State v. Breuer*, 577 N.W.2d 41, 46 (Iowa 1998))).

As to Jordan's challenge based on article I, section 8 of the Iowa Constitution, the analysis is different, but the outcome is the same. Under the Iowa Constitution, "the expectation-of-privacy test is relevant only to the question of whether seizure or search was unreasonable . . . and not whether a seizure or search has occurred." *State v. Wright*, 961 N.W.2d 396, 414 (Iowa 2021). Applying this standard from *Wright*, we conclude that, even if the officers' entry into the hotel room constituted a seizure or a search, the officers' entry under these circumstances was not unreasonable because Jordan had no reasonable expectation of privacy, so Jordan's challenge based on article I, section 8 of the Iowa Constitution fails as well. *See id.* at 416 ("Within the meaning of article I, section 8, an officer acts unreasonably when, without a warrant, the officer physically trespasses on protected property or uses means or methods of general criminal investigation that are unlawful, tortious, or otherwise prohibited.").

**AFFIRMED.**