THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DOUGLAS E. GRAY, Defendant-Appellee.

Fourth District   No. 4—97—1148

Opinion filed June 30, 1999.

Elliott Turpin, State's Attorney, of Carrollton (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE COOK delivered the opinion of the court:

On October 1, 1996, police charged defendant by traffic citation and complaint with driving while license revoked (DWR) (625 ILCS 5/6—303 (West 1996)). In March 1997, the defendant filed a motion to

quash his arrest and dismiss the charges against him. In August 1997, the trial court held an evidentiary hearing on this motion. In September 1997, the trial court issued a written order granting the defendant's motion. The State appealed. We affirm.

At the evidentiary hearing, Officer Patrick Kuykendall of the Greenfield police department testified that he was parked in the parking lot of a church on Illinois Route 67 in Greenfield, Illinois, when an automobile containing defendant and a passenger passed by. The vehicle then pulled off the highway onto North Prairie Street, parallel to Illinois Route 67 and partially blocking North Prairie Street. Officer Kuykendall observed defendant leave the driver's seat and switch places with his passenger, Malissa Tuey. The car then continued down Illinois Route 67, and Officer Kuykendall stopped it a block later. The officer asked defendant and Tuey to produce their driver's licenses and insurance information. Officer Kuykendall then recognized defendant as having his license revoked, and defendant told Officer Kuykendall his license was revoked. Defendant was given a ticket for DWR.

Kuykendall testified the reason he stopped the vehicle was that the switching of the drivers on the outskirts of town made him reasonably suspicious that the driver's license was revoked or suspended, or defendant might be wanted on a warrant. He stated that his experience had taught him that most people who would stop to switch drivers when in town or in the presence of police had a good possibility of being in such a category. He suspected defendant and Tuey were trying to hide something when they pulled off the roadway.

Kuykendall did not issue any ticket or warning for stopping on the roadway. Kuykendall did not say anything to defendant or Tuey about stopping on the roadway or blocking Prairie Street. Kuykendall's police report did not mention any such violation. The first time such a violation was mentioned was during Kuykendall's testimony at the evidentiary hearing, when he testified that when the car pulled off the roadway it had committed the offense of blocking Prairie Street. Kuykendall admitted that Prairie Street was pretty wide, and he did not know if there would have been enough room for another car on Prairie Street to have gone around defendant's vehicle. The trial court found there was no traffic violation and that the arresting officer did not objectively believe that any violation had occurred.

■ Generally, a trial court's ruling on a motion to suppress evidence is subject to reversal only if it is manifestly erroneous. This clearly erroneous or manifestly erroneous test is based on the understanding that suppression motions usually raise mixed questions of law and fact. Where neither the facts nor the credibility of the witnesses is contested, the determination of whether reasonable suspicion

warranted an investigatory stop is a legal question that a reviewing court may consider *de novo*. *People v. Wardlow*, 183 Ill. 2d 306, 309, 701 N.E.2d 484, 485 (1998). Even where the facts are undisputed, where reasonable persons could draw divergent inferences from those facts any question of fact should be resolved by the trier of fact. *Jackson v. TLC Associates, Inc.*, 185 Ill. 2d 418, 424, 706 N.E.2d 460, 463 (1998); *Rhodes v. Illinois Central Gulf R.R.*, 172 Ill. 2d 213, 241, 665 N.E.2d 1260, 1274 (1996). The inquiry is whether only one conclusion may be drawn from the undisputed facts. *Reynolds v. Decatur Memorial Hospital*, 277 Ill. App. 3d 80, 84, 660 N.E.2d 235, 238 (1996).

Factual issues and credibility issues are present in this case. Where exactly was defendant's vehicle on Prairie Street? Was sufficient room "left for the free passage of other vehicles"? 625 ILCS 5/11—1301(a) (West 1996). Were the right-hand wheels "as close as practicable to the right edge of the right-hand shoulder"? 625 ILCS 5/11—1304(a) (West 1996). Would the facts available to the police officer warrant a person of reasonable caution to believe that the police action was appropriate?

■ There was no search in this case. The only question before us is whether Kuykendall had the right to stop defendant's vehicle. Kuykendall had that right if he had probable cause to arrest or issue a citation to any occupant of the vehicle. Probable cause to justify an arrest exists when the totality of facts and circumstances within the officer's knowledge would lead a person of reasonable caution to believe that an offense has been committed and that the person apprehended has committed the offense. While mere suspicion by an officer that the suspect is committing or has committed a crime is insufficient to establish probable cause, proof beyond a reasonable doubt required to obtain a conviction is not necessary. *People v. Foster*, 119 Ill. 2d 69, 83, 518 N.E.2d 82, 87 (1987). In the alternative, a police officer may stop and temporarily detain an individual to conduct a limited investigation if the officer is able to point to specific and articulable facts that, when taken together with reasonable inferences drawn therefrom, would reasonably justify the investigative intrusion. *Terry v. Ohio*, 392 U.S. 1, 21-22, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1880 (1968); *People v. Martinez*, 206 Ill. App. 3d 813, 822, 564 N.E.2d 1271, 1276 (1990).

■ Courts in this state and others have stated that stopping vehicles where drivers and passengers have switched is justified when the switch is done shortly before a roadblock. See *People v. Scott*, 277 Ill. App. 3d 579, 584, 660 N.E.2d 555, 559 (1996); *State v. Patterson*, 582 A.2d 1204, 1206 (Me. 1990); *Murphy v. State*, 864 S.W.2d 70, 77 (Tex. Ct. App. 1992); *State v. Giessinger*, 235 Neb. 140, 147, 454 N.W.2d 289, 294 (1990). Such stops are justified because the proximity to the

roadblock when the change in drivers occurs gives rise to the reasonable suspicion that the parties are trying to hide something from authorities up ahead. See *Patterson*, 582 A.2d at 1208.

■ But this is not the situation in the instant case. No authorities were looming ahead threatening to check licensing and registration. No readily discernable probability of being pulled over existed when defendant switched positions in the car with his passenger. Nothing during the stop overtly suggested to an onlooker that the defendant or his passenger had anything to hide or was committing an offense or criminal activity. All that was apparent to any observer, trained or untrained, was that the parties had decided to switch drivers. Officer Kuykendall's prior experience gave him a possible reason to wonder whether the driver's license may have been suspended or revoked, but, without more, that concern was nothing but a mere hunch—albeit correct—and not enough to justify the stop of defendant's vehicle.

■ Our next question is whether, based on the facts available to Kuykendall, a person of reasonable caution would have concluded that the vehicle should be stopped and a traffic citation issued for blocking Prairie Street. *People v. Long*, 99 Ill. 2d 219, 228, 457 N.E.2d 1252, 1255 (1983). The fact that it did not occur to Kuykendall to stop the vehicle for that purpose, or even that Kuykendall would not have stopped a vehicle for that purpose, is irrelevant. Just as a court may overrule an officer's determination of probable cause even when made in good faith, a court may also find probable cause in spite of an officer's judgment that none exists. An objective test applies. The subjective intentions or beliefs of the officer are not dispositive. *People v. Rucker*, 294 Ill. App. 3d 218, 224-25, 689 N.E.2d 1203, 1208 (1998); *People v. Bleitner*, 189 Ill. App. 3d 971, 977, 546 N.E.2d 241, 246 (1989); 1 W. LaFave, Search & Seizure § 1.4 (3d ed. 1996).

■ It is difficult to disagree with the trial court's conclusion that, considered from the perspective of a reasonable officer at the time that the situation confronted him, there would have been no traffic violation stop in this case. See *Long*, 99 Ill. 2d at 228-29, 457 N.E.2d at 1256. The trial court did not see this as a "dual motivation" case, or as a "pretextual stop" case. *Cf. People v. Sinclair*, 281 Ill. App. 3d 131, 136, 666 N.E.2d 1221, 1225 (1996) (dual motivation); *People v. Sorrells*, 209 Ill. App. 3d 1064, 1069, 568 N.E.2d 497, 500 (1991) (dual motivation); *Rucker*, 294 Ill. App. 3d at 223-24, 689 N.E.2d at 1207 (pretextual stop); *People v. Brownlee*, 285 Ill. App. 3d 432, 435, 674 N.E.2d 503, 505 (1996) (pretextual stop), *decision after remand*, 293 Ill. App. 3d 315, 687 N.E.2d 1174 (1997), *rev'd*, 186 Ill. 2d 501 (1999). In the view of the trial court, based on the facts known to

Kuykendall at the time of the stop, there was no basis for believing that a traffic violation had occurred in this case. Although the trial court did not go into detail, it clearly held, "There was no traffic violation." The State did not sustain its burden of establishing that the facts available to Kuykendall indicated a violation. Kuykendall could not say there was not enough room on Prairie Street for other traffic to pass. Kuykendall did not testify that the wheels of defendant's vehicle were not as close as practicable to the shoulder. There was no testimony that police in Greenfield ever write tickets for stopping on a roadway or blocking a street. The fact that Kuykendall did not mention those offenses until the time of the motion hearing is some indication that a reasonable officer would not have seen facts indicating a violation here and that the offenses were thought of in hindsight, as an attempt to justify the stop.

The judgment of the trial court quashing the arrest and dismissing the charges is affirmed.

Affirmed.

KNECHT, P.J., and McCULLOUGH, J., concur.