28 March 2000

NO. 4-99-0675

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellant, ) Circuit Court of

) Champaign County

OLA ALLIBALOGUN, ) No. 99CM602

Defendant-Appellee. )

) Honorable 

) Jeffrey B. Ford,

) Judge Presiding.

 

PRESIDING JUSTICE COOK delivered the opinion of the

court:

In May 1999, the State charged defendant, Ola Allibalogun, with unlawful possession of cannabis and unlawful possession with intent to deliver a substance containing canna

bis.  720 ILCS 550/4(b), 5(b) (West 1998).  In July 1999, defen

dant filed a motion to suppress evidence and dismiss the com

plaint.  The trial court granted that motion, and the State filed an interlocutory appeal.  We reverse and remand.

Defendant's motion asked the court to suppress the cannabis taken from his car and statements that he made to the police concerning the cannabis.  Defendant alleged that he was taken into custody, based on a civil writ for a rule to show cause with body attachment, after a traffic stop for speeding.  Defendant argued that the police officers had no legally justifi

able grounds to search his car, even assuming he was properly "arrested" under the Code of Criminal Procedure of 1963 (725 ILCS 5/100-1 
et
 
seq
. (West 1998)).

In August 1999, the trial court heard defendant's mo

tion.  Defendant testified that he was stopped by Urbana police officers who told him that he had been speeding.  One officer asked to see defendant's driver's license, but defendant did not present it to the officer.  After obtaining some information from defendant, the officer returned to his squad car to check defen

dant's driving record.  When the officer returned to defendant's car, he informed defendant that there was a civil warrant, a body attachment, for defendant's arrest.  The body attachment, dated December 30, 1998, and signed by the clerk of the court, com

manded any peace officer to take and keep defendant, so that he might appear to show cause why he should not be held in contempt for failing to appear in a civil case, Manzella v. Allibalogun, Champaign County case No. 97-SC-02780.  The officer then took defendant into custody.  During this exchange between defendant and the officers, the officers never told defendant that he was being arrested for speeding, driving without a license, or any other criminal offense. 

Defendant testified that the officers then searched his car while he sat handcuffed in the squad car.  The officers did not ask for defendant's consent, defendant did not give consent, and the officers did not present a search warrant.  During this search, the officers found bags of marijuana in the back pouch of the passenger seat.  The State did not present evidence.

Defense counsel argued that (1) defendant was not ar

rested for a criminal matter, the criminal code did not apply, and the search was not justified; (2) no evidence existed that the officers feared defendant would attack them or the search was necessary to prevent defendant's escape; (3) the only possible crimes in connection with the traffic stop were speeding and driving without a license, and no fruits of these crimes existed in the vehicle; (4) the police officers had no probable cause to search defendant's car because, in defense counsel's words, "the arrest for a minor traffic violation or every valid arrest does not permit a search" (
People v. Watkins
, 19 Ill. 2d 11, 17-20, 166 N.E.2d 433, 436-37 (1960)); and (5) because defendant was arrested on a civil warrant, the officers should not be allowed to search defendant's car incident to that arrest.

The trial court rejected defendant's argument that it mattered whether the arrest warrant was civil or criminal and made reference to various legal changes since 
Watkins
.  The trial court, however, found that the officers did not conduct an inven

tory search, nor did they have defendant's consent to search his car.  Therefore, the trial court stated: 

"[T]he other times that officers can search 

a vehicle would be if there is probable cause 

to search that vehicle for some reason or the 

officers *** testified that they had a belief 

that there was a weapon in [the vehicle], that 

the defendant could have access to ***.  There 

is no testimony to show that there was any 

fear by the officers."  

The trial court also noted that the State did not provide "any 

case law showing that[,] on a valid arrest warrant, officers can search a vehicle where the defendant is stopped."  The trial court then allowed the motion to suppress.

In August 1999, the State filed a notice of interlocu

tory appeal, certifying that the trial court's suppression order substantially impaired its ability to prosecute the case.

Defendant argues that this court must not substitute its judgment for that of the trial court unless it finds the trial court's ruling is manifestly erroneous.  
People v. Kozlowski
, 278 Ill. App. 3d 40, 45, 662 N.E.2d 630, 633 (1996).  This court generally applies the manifestly erroneous standard where the trial court's ruling on a motion to suppress involves determinations of facts and an assessment of witness credibility.  
People v. Wright
, 183 Ill. 2d 16, 21, 697 N.E.2d 693, 695 (1998); 
People v. Gray
, 305 Ill. App. 3d 835, 837-38, 713 N.E.2d 781, 782 (1999) (inquiry whether only one conclusion can be drawn from undisputed facts).  This case, however, requires this court to determine a question of law.  Therefore, this court will conduct a 
de
 
novo
 review.  
People v. Krueger
, 175 Ill. 2d 60, 64, 675 N.E.2d 604, 607 (1996).

The issue presented for review by this court is whether police may search a person's vehicle incident to that person's arrest on a civil warrant.  We hold that the police may conduct such a search.

Normally, when an accused person or a subpoenaed wit

ness fails to appear in court, the judge will issue a bench war

rant ordering that person arrested and brought before the court.  Such warrants are clearly valid and based on probable cause.  
United States v. Evans
, 574 F.2d 352, 355 (6
th Cir. 1978) (judge did not issue a bench warrant; he issued an arrest warrant based on the underlying traffic ticket without determining whether probable cause existed to believe that the underlying offense had been committed).  A bench warrant constitutes a finding made by a neutral magistrate that the defendant has failed to appear.  True, a bench warrant does not amount to a judicial finding of probable cause to arrest in the traditional sense, 
i.e.
, that a crime had been committed and that defendant had committed it.  
United States v. Spencer
, 684 F.2d 220, 223 (2d Cir. 1982).  "Nonetheless, the police, armed with the warrant, had authority to find and seize [defendant] anywhere they could find him for his failure to appear in court."  
Spencer
, 684 F.2d at 223.  When the presence of the police in defendant's room is pursuant to a direction made by a neutral magistrate, defendant's rights under the fourth amendment (U.S. Const., amend. IV) have been satis

fied.   
Spencer
, 684 F.2d at 223.  The nature of the offense supporting the arrest does not affect the validity of a search of defendant's vehicle incident to that arrest.  The fact that the body attachment was signed by the clerk, under the supervision of the judge, is not a problem.  See 
Shadwick v. City of Tampa
, 407 U.S. 345, 32 L. Ed. 2d 783, 92 S. Ct. 2119 (1972) (clerk of court neutral and detached and capable of determining whether probable cause exists).

Defendant argues that even if he was lawfully taken into custody, nothing justified a search of his car, other than perhaps for impoundment, which the trial court found did not occur.  The rationale underlying a search incident to arrest is the need to prevent the arrestee from obtaining a weapon or de

stroying evidence.  
Chimel v. California
, 395 U.S. 752, 762-63, 23 L. Ed. 2d 685, 694, 89 S. Ct. 2034, 2040 (1969).  When a de

fendant is arrested on a bench warrant, there may be no need to prevent him from destroying evidence.  An officer taking an indi

vidual into custody on a bench warrant, however, does have a legitimate interest in determining whether the individual has a weapon.  Certainly, an officer in that situation would have the right to search the arrestee's person.  The traditional rule, stated in 
Chimel
, was that a search incident to arrest could extend only to the arrestee's person and the area within his immediate control.  
Chimel
, 395 U.S. at 763, 23 L. Ed. 2d at 694, 89 S. Ct. at 2040.  In 1981, however, the United States Supreme Court determined that a bright-line rule was necessary and came up with the following:  "when a policeman has made a lawful cus

todial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile," inclusive of "the contents of any containers found within the passenger compartment."  
New York v. Belton
, 453 U.S. 454, 460, 69 L. Ed. 2d 768, 775, 101 S. Ct. 2860, 2864 (1981).  A search of a vehicle under 
Belton
 is permis

sible even after the defendant has been removed from the car, handcuffed, and placed in a squad car, and even if he is in the custody of several officers.  
Belton
 has been criticized as "an invitation to subterfuge" (2 W. LaFave, J. Israel, & N. King, Criminal Procedure §3.7(a), at 202 (2d ed. 1999)), but it has been accepted in Illinois.  
People v. Bailey
, 159 Ill. 2d 498, 504-06, 639 N.E.2d 1278, 1281-82 (1994).                       

The court in 
Bailey
 rejected the defendant's factual-

justification argument that the validity of the 
Belton
 search was affected by the fact that defendant was handcuffed and sitting in the back of a squad car.  "[T]he validity of a 
Belton
 search 'is not affected by the circumstance that defendant no longer had effective access to his vehicle when the search was conducted.'"  
Bailey
, 159 Ill. 2d at 506, 639 N.E.2d at 1282, quoting 
State v. Grass
, 250 N.J. Super. 74, 77, 593 A.2d 379, 381 (1991); accord 
United States v. Karlin
, 852 F.2d 968, 970-72 (7th Cir. 1988); 
People v. Kalivas
, 207 Ill. App. 3d 415, 417-18, 565 N.E.2d 1038, 1040-41 (1991).

Defendant argues that, because the trial court found no evidence that the police officers feared for their safety or that they believed defendant had a gun or access to a gun, the search was unjustified.  The 
Bailey
 court held that defendant's access, or lack thereof, to the vehicle does not affect the validity of a 
Belton
 search.  
Bailey
, 159 Ill. 2d at 506, 639 N.E.2d at 1282.  Moreover, a 
Belton
 search does not depend on the probability that weapons would, in fact, be found.  
Belton
, 453 U.S. at 461, 69 L. Ed. 2d at 775-76, 101 S. Ct. at 2864.

The rules that apply in the situation where an officer executes an arrest warrant that he did not procure should be applied in this case.  See 
Whiteley v. Warden, Wyoming State Penitentiary
, 401 U.S. 560, 564-69, 28 L. Ed. 2d 306, 311-13, 91 S. Ct. 1031, 1035-37 (1971); 
People v. Turnage
, 162 Ill. 2d 299, 642 N.E.2d 1235 (1994).  Where an officer arrests a suspect based upon a warrant obtained by someone else, the warrant may be chal

lenged, even though the officer acted in good faith in executing it, that is, without any knowledge of the warrant's invalidity.  Although the officer may assume that the warrant is based on information sufficient to support probable cause, if the contrary turns out to be true, then the evidence must be excluded.  
Turnage
, 162 Ill. 2d at 311, 642 N.E.2d at 1240.  The body at

tachment in the present case appears to have been issued in a small claims case.  It is not clear whether the body attachment was issued after judgment, or whether defendant had been previ

ously ordered to appear before the body attachment was issued.  Nevertheless, the parties do not address this issue, and we therefore need not consider it.  

Defendant argues that the evidence must be excluded under 
Knowles v. Iowa
, 525 U.S. 113, 142 L. Ed. 2d 492, 119 S. Ct. 484 (1998), but 
Knowles
 involved the issuance of a citation, as opposed to a full custodial arrest.  
Knowles
 declined to ex

tend the 
Belton
 bright-line rule "to a situation where the con

cern for officer safety is not present to the same extent and the concern for destruction or loss of evidence is not present at all."  
Knowles
, 525 U.S. at 119, 142 L. Ed. 2d at 499, 119 S. Ct. at 488.  Neither rationale applies in the instant case.  An ar

rest pursuant to a bench warrant or body attachment is a full custodial arrest and is not analogous to a citation to appear.  In this case, the police did not issue defendant a citation for speeding but, rather, arrested him.  
    

While granting defendant's motion to suppress and dis

miss the complaint, the trial court noted the State's failure to present any case law showing that officers can search a vehicle on a valid arrest warrant.  Although the State did not present any case law on this issue, the State did argue that the police were justified in searching defendant's vehicle pursuant to the arrest warrant.  Furthermore, the State informed the court that it had not found any case law directly on point with a civil warrant. We conclude that neither the State's failure to find and present case law directly on point with a civil warrant, nor its failure to present case law showing the officers' justifica

tion in searching defendant's car pursuant to a lawful arrest, requires affirming the trial court's order.

For the foregoing reasons, we reverse the trial court's judgment and remand for further proceedings.

Reversed and remanded.

STEIGMANN and McCULLOUGH, JJ., concur.