NO. 4-05-0456    Filed 5/1/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Vermilion County |
| JEROME J. HARRIS, | ) | No. 04CF766 |
|     Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Fahey, |
| | ) | Judge Presiding. |

---

JUSTICE APPLETON delivered the opinion of the court:

The State is appealing the trial court's order suppressing evidence found during a search of defendant's vehicle. According to the State, the search was incident to a lawful arrest after the front-seat passenger was taken into custody on a probation violation. Defendant's motion to suppress alleged the search of the vehicle was illegal, and the fruits of that search should be suppressed. The trial court agreed with defendant, finding the arresting officer had no probable cause to believe that a crime was being committed and had no reason to search the vehicle upon the passenger's arrest for a probation violation. We reverse.

I. BACKGROUND

On December 17, 2004, at approximately 11:30 p.m., defendant, Jerome J. Harris, was driving a vehicle with three passengers in the City of Danville when he ran a stoplight in the presence of police officer Dennis Rogers. Rogers conducted a traffic stop of defendant's vehicle. Because the front-seat passenger was not wearing a

seatbelt, the officer conducted identification checks on defendant and that passenger. He found defendant had a valid driver's license and neither was the subject of an outstanding warrant.

Rogers began writing defendant a traffic citation for his failure to obey the traffic signal when Vermilion County probation officer James Dunavan, who had overheard Rogers's radio communication about the traffic stop, arrived at the scene. Dunavan had recognized the name of the front-seat passenger as one of his probationers. Dunavan had the probationer exit the vehicle and submit to a Breathalyzer test. The probationer had, in fact, been drinking and was out past his curfew--both violations of his probation. Rogers testified he had finished writing defendant the traffic ticket, but had not issued it, before Dunavan had completed the Breathalyzer test on the probationer. Once the test confirmed that the probationer had been drinking, Dunavan arrested him and Rogers conducted a search of the vehicle incident to that arrest. Under the driver's seat, Rogers found a semiautomatic nine-millimeter handgun.

On December 20, 2004, the State charged defendant with unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2004)). On April 19, 2005, defendant filed a motion to suppress evidence and quash the arrest. On May 24 and 25, 2005, the trial court conducted a hearing on defendant's motion. Rogers, the only witness, testified to the events as described above. After considering the evidence and arguments of counsel, the court granted defendant's motion. On May 25, 2005, the State filed its certificate of substantial impairment. This appeal followed.

II. ANALYSIS

The State claims the trial court erred in suppressing the evidence because

the search of the vehicle was a lawful warrantless search incident to an arrest.  It claims the detention of a probationer by a probation officer at the scene of a traffic stop justifies a search of the vehicle in which the probationer was riding.  The court disagreed with the State and granted defendant's motion on the basis that the search was improper.  The court declined to extend the vehicle-search-incident-to-arrest theory to the detainment of a probationer/passenger.

In its alternative argument, the State claims the officer's search of the vehicle was also justified as a reasonable investigation of further probation violations, relying on People v. Lampitok, 207 Ill. 2d 231, 798 N.E.2d 91 (2003).  Defendant responds to the State's claims, arguing the officer had (1) no authority to search the vehicle when defendant was unreasonably detained beyond the purpose of the traffic stop, (2) no authority to search the vehicle incident to a probation-violation arrest of the passenger, and (3) no purpose in conducting a "reasonable investigation" into further probation violations.

A review of a motion to suppress involves both questions of fact and law. People v. Moss, 217 Ill. 2d 511, 517, 842 N.E.2d 699, 704 (2005).  We review questions of fact upon the manifestly erroneous standard.  "[W]e review de novo the ultimate question of whether the evidence must be suppressed, undertaking our own assessment of the facts in relation to the issues presented."  Moss, 217 Ill. 2d at 518, 842 N.E.2d at 704.

For the reasons that follow, we find the officer's search of defendant's vehicle was in line with the holding of New York v. Belton, 453 U.S. 454, 460, 69 L. Ed. 2d 768, 774-75, 101 S. Ct. 2860, 2864 (1981).  Before analyzing the circumstances of

the search, we first note the statutory authority of a probation officer to arrest a probationer found in violation of his probation conditions. See 730 ILCS 110/11 (West 2004). The passenger's arrest was just that and not some other form of detention.

A warrantless search or seizure is per se unreasonable unless it falls within one of several recognized and limited exceptions. People v. Stehman, 203 Ill. 2d 26, 34, 783 N.E.2d 1, 5 (2002). One exception is a search incident to a lawful arrest. Stehman, 203 Ill. 2d at 34, 783 N.E.2d at 5. The rationale of such a search is to (1) disarm the suspect to take him into custody and (2) preserve evidence. Chimel v. California, 395 U.S. 752, 762-63, 23 L. Ed. 2d 685, 694, 89 S. Ct. 2034, 2040 (1969).

In Belton, 453 U.S. at 457, 69 L. Ed. 2d at 773, 101 S. Ct. at 2862, the United States Supreme Court applied these warrantless search principles to a search of an automobile incident to the arrest of an occupant of the vehicle. The Court held that a police officer may search the passenger compartment of a vehicle and all areas, including containers, that were within the arrestee's immediate possession or control.

Historically, it was implicit within the search-incident-to-arrest principles that the arrestee had committed a crime. This court has since extended the general warrantless-search-incident-to-arrest principle to "arrests" that have not necessarily involved criminal action. See People v. Miller, 354 Ill. App. 3d 476, 820 N.E.2d 1216 (2004); People v. Allibalogun, 312 Ill. App. 3d 515, 520, 727 N.E.2d 633, 637-38 (2000) (police have a right to search a vehicle incident to an arrest based upon a civil writ of body attachment).

The testimony presented at the suppression hearing indicated that the police officer did not suspect any criminal activity by the driver or the passengers. After

identifying both individuals in the front seat, the officer conducted a driver's license check and warrant search, which revealed nothing suspect or illegal. He began writing defendant a traffic citation. While he was writing the citation, the probation officer arrived within "a minute or two." The probation officer approached the front-seat passenger and, for reasons not explained in the record, required him to submit to a Breathalyzer test. By the time the results of the Breathalyzer were complete, the police officer had finished writing defendant's citation. Based on the results of the probationer's Breathalyzer test, the probation officer discovered the probationer had been drinking and arrested him. The police officer then searched the vehicle incident to the front-seat passenger's arrest. We find there was no unreasonable delay beyond that necessary to effectuate the purpose of the traffic stop. The officers did not subject defendant to any improper interrogation or shift the focus of the stop until the moment the probationer was arrested.

Consistent with this court's holdings in Allibalogun and Miller, we find the distinction between arresting the passenger for a criminal offense as the officers did in Belton and arresting the passenger for a probation violation as in the case sub judice is of no consequence to the justification for the search.

In Miller, this court noted that "while the officers may not have had a need to prevent defendant from destroying evidence, they did have a legitimate interest in determining whether defendant had a weapon. [Citation.] When an officer takes a suspect into custody, it does not matter if it is for a criminal offense or on a civil warrant." Miller, 354 Ill. App. 3d at 480, 820 N.E.2d at 1220. The same is true for custody incident to a probation violation. In fact, the sweep for weapons in this case

was even more critical than that in <u>Miller</u> because the vehicle here was unlocked and accessible with three other passengers in the vicinity. This distinguishing fact substantiated the need for the search. In light of <u>Belton</u>, this court's decisions in <u>Allibalogun</u> and <u>Miller</u>, and the State's interest in officer safety, we find the search of the vehicle's passenger compartment was not violative of the fourth amendment upon the probationer's arrest.

## III. CONCLUSION

For the foregoing reasons, we reverse the trial court's order granting defendant's motion to suppress.

Reversed.

TURNER, P.J., and KNECHT, J., concur.