# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Thompson*, 2012 IL App (3d) 100188

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES THOMPSON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-10-0188 |
| Filed | March 12, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for resisting a peace officer was affirmed, notwithstanding his contention that the evidence was insufficient to prove him guilty beyond a reasonable doubt, since the evidence presented was sufficient to allow a rational trier of fact to find the elements of the offense beyond a reasonable doubt. |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 08-CM-1004; the Hon. Clark E. Erickson, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

John J. Boyd, State's Attorney, of Kankakee (Terry A. Mertel and Mark A. Austill, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justice Lytton concurred in the judgment and opinion.
Justice McDade specially concurred, with opinion.

## OPINION

¶ 1      Defendant, James Thompson, was charged with one count of resisting a peace officer (720 ILCS 5/31-1(a) (West 2008)). Following a jury trial, defendant was found guilty of the offense and sentenced to a term of conditional discharge. Defendant appeals his conviction, arguing that the evidence at trial was not sufficient to prove him guilty beyond a reasonable doubt. We affirm.

¶ 2                            FACTS

¶ 3      On July 25, 2008, defendant was charged in a one-count information with resisting a peace officer (720 ILCS 5/31-1 (West 2008)) by knowingly resisting his own arrest. The cause proceeded to a jury trial.

¶ 4      At trial, Officer Russell Belcher testified that he was a police officer employed by the Kankakee County sheriff's department. He was also a deputized United States Marshal assigned to the fugitive task force. On July 24, 2008, Belcher, along with other law enforcement officers, approached defendant's residence in an attempt to find defendant's son, Jovan Thompson. The officers had a warrant for Jovan's arrest, and defendant's residence was listed as his last known address.

¶ 5      When Belcher approached the residence, he verbally announced that he was a United States Marshal and that he was attempting to locate Jovan. He was wearing a leg holster as well as his United States Marshal tactical vest that had "U.S. Marshal" written on the front and back. The other officers were also in tactical gear that identified them as peace officers. Belcher recognized defendant and attempted to talk with him about his son. Defendant immediately began to walk toward his house, and Belcher followed. When defendant entered his residence, Belcher stepped into the living room, again identified himself as a police officer, and noticed a strong odor of burnt cannabis and many people inside. Soon after he entered, three or four individuals walked out of the room and around the corner where he

-2-

could not see them. Believing that Jovan was among the group, Belcher attempted to walk around defendant in order to apprehend him. Defendant stepped to the side and thrust his shoulder into Belcher's chest.

¶ 6      Belcher immediately grabbed defendant and advised him that he was under arrest for battery. In order to handcuff him, Belcher placed defendant in an arm bar control hold and brought him to the floor. Defendant continued to struggle and swung his elbow toward Belcher's head a number of times. It took approximately 30 to 45 seconds, and the assistance of another officer, to gain control of defendant after the two went to the ground.

¶ 7      Officer Jason Forbes also testified for the State. He stated that the situation escalated as soon as the officers entered defendant's residence. He noticed a physical struggle between Belcher and defendant. He then heard Belcher inform defendant that he was under arrest. Belcher placed defendant in an arm bar control hold and took him to the ground. A struggle ensued. Although Forbes could not see everything from where he was standing, he could tell that there was constant movement on the ground as Belcher attempted to handcuff defendant.

¶ 8      After the State rested, defendant called a number of witnesses. Lois Williams, defendant's unmarried partner of 22 years and the mother of his children, testified that when Belcher told defendant he was under arrest, defendant put his hands behind his back and was handcuffed, and then the officers "started jumping" on him. Shaquanda Thompson, defendant's daughter, testified that defendant put his hands in the air and then behind his back and was handcuffed. Then, the officers "bum rushed" him and took him to the ground. Andre Beals heard Belcher tell defendant he was under arrest, then witnessed defendant get picked up and pushed toward the wall.

¶ 9      Defendant also testified in his own defense. He stated that he told Belcher that his son did not live with him and that he did not possess a search warrant, so he could not be in his house. Belcher approached defendant and told him that he was under arrest. He then put his hands behind his back, and Belcher cuffed him. As soon as he was cuffed, Belcher slammed him against a table, and he and the other officers began kicking and punching him.

¶ 10     The jury found defendant guilty of resisting a peace officer. Following the conviction, the trial court denied defendant's motion for a new trial and sentenced defendant to 12 months' conditional discharge. Defendant appeals.

¶ 11     ANALYSIS

¶ 12     Defendant contends that his conviction for resisting a peace officer should be reversed because the State's evidence was not sufficient to prove him guilty beyond a reasonable doubt. When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry defendant; rather, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237 (1985). It is up to the jury to determine the credibility of the witnesses and the weight to be given their testimony. *Snover v. McGraw*, 172 Ill. 2d 438 (1996).

¶ 13     In this case, defendant was charged with one count of resisting a peace officer in that

defendant knowingly resisted attempts by an officer to effectuate his arrest. Section 31-1(a) of the Criminal Code of 1961 provides that "[a] person who knowingly resists or obstructs the performance by one known to the person to be a peace officer *** of any authorized act within his official capacity commits a Class A misdemeanor." 720 ILCS 5/31-1(a) (West 2008). Acts of struggling or wrestling with a police officer are physical acts of resistance that will support a conviction for resisting a peace officer, even if the underlying arrest is unwarranted. *People v. McCoy*, 378 Ill. App. 3d 954 (2008).

¶ 14    Evidence produced at trial established that defendant knowingly resisted the attempts by Belcher to arrest him. Belcher stated that he spent 30 to 45 seconds trying to handcuff defendant while defendant threw elbows toward his head. Forbes testified that, although his view was obstructed, he witnessed constant movement immediately after Belcher told defendant he was under arrest and took him to the floor. The evidence also established that defendant knew Belcher was a peace officer. This was evident from Belcher's attire and the fact that he verbally identified himself as a United States Marshal.

¶ 15    While it is true that defendant presented testimony that contradicted that of Belcher and Forbes, determinations of credibility are left up to the fact finder, and we will not disturb the jury's conclusion that the State's evidence was more credible than defendant's. Because evidence was presented that could allow a rational trier of fact to find the elements of the offense beyond a reasonable doubt, we affirm defendant's conviction.

¶ 16                                              CONCLUSION

¶ 17    The judgment of the circuit court of Kankakee County is affirmed.

¶ 18    Affirmed.

¶ 19    JUSTICE McDADE, specially concurring:

¶ 20    I concur in the majority's judgment that the State proved the defendant guilty of resisting a peace officer beyond a reasonable doubt. I write separately, however, to indicate my concern that the officers were not executing an arrest warrant on the night of the incident, but instead possessed a civil warrant, specifically a writ of body attachment. I thus have concerns about the propriety of the intrusion into the defendant's home on the night of the incident.

¶ 21    My research reveals that a writ of body attachment is "merely [a] means by which to bring [an] alleged contemptor before the court when the failure to comply with an order of the court is the alleged contemptuous behavior." *Revolution Portfolio, LLC v. Beale*, 341 Ill. App. 3d 1021, 1026 (2003). There is little case law, however, on the extent of a search that may accompany an arrest predicated on a civil warrant like a writ of body attachment. The Fourth District of this Appellate Court has twice considered whether a police officer may search an individual's car pursuant to that person's arrest on a writ of body attachment. See *People v. Allibalogun*, 312 Ill. App. 3d 515 (2000); see also *People v. Miller*, 354 Ill. App. 3d 476 (2004). In each case, the court concluded that a police officer may search a person's car incident to an arrest pursuant to a civil writ of body attachment.

¶ 22     I note that the factual scenario in the aforementioned cases does not mirror that of the case at bar. In the instant case, the civil writ was executed by a cadre of officers armed and dressed in tactical gear and claiming to be in possession of a criminal arrest warrant. I also acknowledge that, on appeal, the defendant mentioned but has not directly contested the propriety of the officer's entry into his home pursuant to a writ of body attachment for the defendant's son. However, due to my uncertainty as to whether a writ of body attachment sufficiently authorized the extent of the law enforcement incursion in the defendant's home, I felt compelled to write separately to convey this concern. Here, since the State only charged the defendant with resisting a peace officer, it arguably does not make a difference in the outcome of this case whether the writ of body attachment permitted the intrusion into the defendant's home.

¶ 23     Therefore, based on the issue presented, I believe that majority correctly affirmed the defendant's conviction and I concur in its judgment.